[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #126
This matter comes before the court on the plaintiff's motion to strike the four special defenses the defendants pleaded in their answer. The present plaintiff is New Haven Mortgage Refinance, LLC (NHMR) and its predecessor was New Haven Savings Bank, LLC (NHSB).[1] The defendants are The Homesteads Community at Newtown, LLC (HCN); Nuevo Pueblo, LLC (Nuevo); and Morton Siberstein and Linda Siberstein (Sibersteins). According to the complaint on March 20, 2000, HCN indebted itself to NHSB in the amount of 3.7 million dollars. Two separate loans are involved, each evidenced by a separate promissory note. One is for 1.3 million dollars and the other is for 2.4 million and pertains to a revolving construction loan. In order to secure the loans, Nuevo and the Sibersteins jointly and unconditionally guaranteed payment and performance of the notes. As additional security, HCN and Nuevo mortgaged properties to NHSB, and HCN granted the bank mechanic's liens on the fixtures on the properties and assigned the rents to the bank.
The plaintiff filed a two-count complaint, one count against Nuevo and HCN seeking strict foreclosure, a deficiency judgment, possession, costs and attorneys fees, appointment of a receiver of rents, and any other appropriate relief. The second count is against the Sibersteins and seeks money damages, costs and interest, attorneys fees, cost of collection, and any other appropriate relief. The defendants responded to the complaint with an answer that includes the four special defenses at issue.
The special defenses are lack of standing, promissory estoppel, equitable estoppel and fraudulent misrepresentation. Except for the first special defense, all of these defenses are premised on the defendants' allegations that after the notes reached maturity on March 20, 2002, a portion of the Nuevo property was released from the mortgage; they then entered into a remortgage agreement with NHSB in which the bank agreed to forbear demanding payments on the notes and pursuing a foreclosure in return for the defendants' agreement to grant the bank additional rights CT Page 1532 and privileges; the defendants relied on this agreement; NHSB declined to honor it, fraudulently misrepresented its intentions in this regard, and breached its duty of confidentiality. Accordingly, they contend that the plaintiff should be estopped from pursuing this action pursuant to promissory and equitable estoppel and its own breach of confidentiality and/or fraud.
`The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on [a] motion to strike, the trial court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the [challenged pleading] . . . If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
In the first special defense, the defendants allege that NHSB already sold its interest in the loan and, thus, has no right to prosecute the complaint. The defendants pleaded this defense before the court granted NHSB's motion to substitute NHMR as the plaintiff. The parties mutually agree that the first defense should be stricken and the court so orders it stricken.
As to the remaining special defenses, "[h]istorically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) Fidelity Bank v. Krenisky, 72 Conn. App. 700, 705-06 (2002). Thus the defendant's remaining special defenses are potentially valid if CT Page 1533 they are "legally sufficient and address the making, validity or enforcement of the mortgage, the note or both . . ." or raise equitable issues that can only be resolved by the trier of fact. Id.
In its motion to strike, the plaintiff only contests the latter requirement. Specifically the plaintiff contends that the remortgage was merely a workout agreement as to the original mortgage and notes and that the original agreement fell through. The court acknowledges that, "the failure to [come to a workout agreement] following a default does not address the making or validity of the mortgage, and does not alter the plaintiff's right to foreclose against the defendants." Dime Savings Bankv. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 94 0047557 (April 1, 1996, Curran, J.). In ruling on a motion to strike a special defense, however, the court is limited to the facts alleged therein and must construe such facts in favor of the defendants. See Connecticut National Bank v. Douglas, supra, 221 Conn. 536. The plaintiff's argument regarding the nature of the workout agreement and/or the negotiations and representations surrounding the same is dependent on facts that are not alleged in the defendants' special defenses. A motion to strike is not the proper procedural vehicle for the plaintiff to use to raise this argument. For the foregoing reasons, the court hereby grants the plaintiff's motion to strike as to the first special defense and denies the motion as to the second, third and fourth special defenses.
Comerford, J.